IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL B. COHEE,

    Plaintiff,

v.                                   Civ. No. 14-1476-RGA

COMMISSIONER ROBERT COUPE,
et al.,

    Defendants.

Daniel B. Cohee, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

Kenisha LaShelle Ringgold, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Commissioner Robert Coupe, Warden Steven Wesley, and Lt. Gibson.

Scott G. Wilcox, Esquire, Whiteford, Taylor & Preston L.L.C., Wilmington, Delaware. Counsel for Defendant Correct Care Solutions.

Dana Spring Monzo, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Michelle Marcantuno, Tymira Wilson, and Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

November 4, 2016
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Daniel B. Cohee, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, who appears *pro se* and was granted leave to proceed *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff requests entry of default as to Defendants Correct Care Solutions, Michelle M.,[1] Tymira Wilson, and Connections Community Support Programs, Inc.[2] (D.I. 35). Michelle M., Wilson, and Connections oppose and, in turn, move for dismissal pursuant to Fed. R. Civ. P. 4(e) and 4(h). (D.I. 36). Correct Care also opposes the request for entry of default and moves for dismissal on the grounds of improper service, as time-barred, and for failure to exhaust administrative remedies. Plaintiff opposes the motions to dismiss. Briefing is complete.

## BACKGROUND

Plaintiff was incarcerated at the Howard R. Young Correctional Center in Wilmington, Delaware when he commenced this action. After screening of the Complaint and Amended Complaint, Plaintiff was allowed to proceed with: (a) mail interference claims against Coupe and Wesley; (b) free exercise of religion claims against Coupe, Wesley, and Gibson; (c) medical needs claims against Dr. L. Desrosiers, Correct Care, and Nurse John Does; and (d) mental health claims against psychiatrist Michelle M., Wilson, and Connections. (*See* D.I. 12, 16).

A service Order was entered on November 2, 2015. (*See* D.I. 16). As set forth in the order, Plaintiff provided the required USM-285 forms and service copies of the

---

[1] Identified as Michelle Marcantuno. (*See* D.I. 36).

[2] Named as Connections. (*See* D.I. 15)

Complaint and Amended Complaint. The State Defendants were served via e-service and service packets for medical Defendants were submitted to the United States Marshals Service on November 17, 2015. None of the medical Defendants returned the waiver of service forms. (*See* D.I. 17 (Correct Care), D.I. 18 (Dr. Desrosiers), D.I. 19 (Michelle M.), D.I. 20 (Wilson), D.I. 21 (Connections)). Subsequently, an order was entered for the USMS to personally serve medical Defendants. (*See* D.I. 24). Plaintiff complied with the order, requested issuance of summonses, and submitted the required USM-285 forms and copies of the complaint and amended complaint. The second set of service packets for the medical Defendants was submitted to the USMS on May 16, 2016. The USMS submitted returns of service for Connections, Wilson, Michelle M., and Correct Care. (*See* D.I. 27, 28, 29, 30). The USMS was informed that Dr. Desrosiers no longer worked at the address provided. On June 15, 2016, counsel appeared on behalf of Connections, Michelle M., and Wilson. (*See* D.I. 32, 33). On August 5, 2016, counsel for Correct Care filed a motion to dismiss and an opposition to Plaintiff's request for default. (*See* D.I. 40).

## REQUEST FOR DEFAULT

Plaintiff seeks entry of default as to Correct Care, Connections, Michele M., and Wilson. (D.I. 35). The Court will deny the request given that the foregoing Defendants have appeared and seek dismissal.

## STATUTE OF LIMITATIONS

Correct Care moves for dismissal on the grounds that it was improperly served, the claims against it are time-barred, and Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (D.I. 40). The Court addresses the statute of limitations issue as it is dispositive of the claims against Correct Care.

Plaintiff filed his original Complaint on December 3, 2014.[3] The Court takes judicial notice that Correct Care was the medical service provider from July 1, 2010 to June 30, 2014. *See Biggins v. Correct Care Sols., Inc.*, 2016 WL 158500, n.1 at *1 (D. Del. Jan. 13, 2016). In the Amended Complaint, Plaintiff alleges that he was denied surgery from 2011 to July 2014, and reiterates this allegation in his opposition to Correct Care's motion to dismiss. Plaintiff specifically alleges that his requests for surgery were denied in 2011 and 2012. He alleges that, upon his incarceration in April 2010, Correct Care was advised of a medical recommendation that Plaintiff undergo right shoulder surgery, but the surgery was not performed. (D.I. 15 ¶ 5). Plaintiff was advised by Dr. Desrosiers on November 8, 2011, that right shoulder x-rays were normal, that Plaintiff did not need surgery, and that the request for surgery was denied.

---

[3]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule" that deems a petition or complaint "filed" as of the date it was delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's complaint was signed on December 3, 2014, and the envelope it was mailed in is post-marked December 11, 2014. Giving Plaintiff the benefit of the doubt, the Court concludes that Plaintiff's Complaint was filed on December 3, 2014, the date it was signed, and the earliest date that it possibly could have been delivered to prison officials for mailing.

(*Id.*) Plaintiff was injured on November 11, 2011, and was seen by Dr. Desrosiers. (*Id.* at ¶ 6). Plaintiff submitted a grievance on December 17, 2011, complaining that he needed surgery. (*Id.* at ex.). March 19, 2012 x-rays were normal, and Dr. Desrosiers again told Plaintiff that surgery was not needed. (*Id.*) Plaintiff submitted another grievance on March 21, 2012, again complaining that he needed shoulder surgery. (*Id.* at ex.). October 2014 is the next time-frame wherein Plaintiff complains of inadequate medical care. By this time, Correct Care was no longer the medical service provider.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff specifically alleges that he was denied surgery in November 2011 and March 2012. It is obvious from his allegations, therefore, that he was aware of his claims against Correct Care on those dates. Yet, he did not commence this action until December 3, 2014, more than two years past the acts of which he complains. Plaintiff's claims against Correct Care are time-barred.[4] Therefore, the Court will grant its motion to dismiss.[5]

---

[4] Many of the time-barred claims raised against Correct Care are the same as those raised against Dr. Desrosiers.

[5] The Court sees no need to address Correct Care's other grounds for dismissal.

4

## SERVICE

Connections, Michelle M., and Wilson move for dismissal pursuant to Fed. R. Civ. P. 4(e) and 4(h) on the grounds that service was made upon an individual who was not an authorized agent to accept service on their behalf.[6] (D.I. 36). As previously discussed, Plaintiff complied with the Court's service Orders and supplied the required service documents. Personal service by the USMS was taken only after each medical Defendant failed to waive service of summons. Defendants seek dismissal arguing that there was not proper service. Plaintiff opposes. (D.I. 46).

"An indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process." *Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). As Defendants' attorneys are aware, Plaintiff proceeds *in forma pauperis* and, therefore, must rely upon the Court to issue a service order and the USMS to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding *in forma pauperis*, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable

---

[6] Rule 12(b)(5) provides that a defendant may file a motion to dismiss when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5).

5

prospect that service may yet be obtained." *Id.* Given that instruction, the Court will not dismiss the Complaint pursuant to Rule 12(b)(5).

Pursuant to Fed. R. Civ. P. 4(d), the medical Defendants were required to waive service. Rule 4(d) rule affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]": (A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B).

There is no indication that the service packets mailed to Connections, Michelle M., and Wilson were not received. Indeed, the service packets were not returned as undeliverable. After these Defendants failed to return the waiver of service, the USMS proceeded to personally serve them. At least for Michelle M. and Wilson, service was accepted on their behalf at the same address the USMS used when it mailed the service packets to them.

In light of the foregoing, Plaintiff will be given another opportunity to personally serve medical Defendants. Counsel for medical Defendants will be ordered to advise the Court of the correct name and address of Connections' agent authorized by law to accept service of process on its behalf. Also, Michelle M. and Wilson will be ordered to provide the Court with an address where each may be served. Further, given medical Defendants' failure to waive service of summons under Fed. R. Civ. P. 4(d) in the first instance, each foregoing Defendant will be ordered to show good cause for the failure

6

to sign and return the waiver of service. Medical Defendants may avoid costs of a second attempt at personal service should they opt to execute a waiver service of summons.

Given Plaintiff's reliance on the USMS to effect service and the fact that each medical Defendants did not waive service of summons, the Court will deny the motion to dismiss for improper service. (D.I. 36).

## UNSERVED DEFENDANT

Attempts by the USMS to serve Dr. Desrosiers have been unsuccessful. She did not return the waiver of service form (D.I. 18) and, when personal service was attempted, the USMS was informed that she "Does not work there anymore" (D.I. 31). It appears from the allegations, that during the relevant time-frame Dr. Desrosiers was employed by Correct Care and Connections, both of whom have and filed motions to dismiss.

As discussed above, Correct Care will be dismissed as a defendant. Service will once again be attempted with regard to the remaining medical Defendants, including Connections. The Court has a responsibility to assist *pro se* plaintiffs in the service of process. See *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010). This Court has entered orders to assist *pro se* plaintiffs in obtaining addresses of defendants so that service may be effected. See also *In Re Johnson*, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an

affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist *pro se* plaintiff in obtaining service of process). Additionally, the Court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Without the address of Dr. L. Desrosiers, Plaintiff cannot effect service upon her. Therefore, Connections, as Dr. Desrosiers' former employer, will be ordered to provide the last known address for Dr. Desrosiers.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for entry of default (D.I. 35); (2) deny the motion to dismiss filed by Connections, Michelle M., and Wilson (D.I. 36); (3) grant Correct Care's motion to dismiss on the grounds that the claims against it are time-barred (D.I. 40); (4) order counsel for Connections to provide the correct name and address of the individual or entity authorized to accept service on Connections' behalf; (5) order Michelle M. and Wilson to provide, under seal, an address where they may be served; and (6) order counsel for Connections to provide, under seal, the last known address for Dr. Desrosiers.

An appropriate order will be entered.